Filed: 7/25/2023 6:23 PM
Liz Pirkle, District Clerk
Waller County, Texas
By: Alma Garcia, Deputy

CAUSE NO. CV23-07-0836

| | | |
|---|---|---|
| **RODNEY GRAY** | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | 506th DISTRICT COURT OF |
| **CITY OF PRAIRIE VIEW, CITY OF PRAIRIE VIEW POLICE DEPARTMENT, BRIAN ROWLAND, KEVIN LEVERENZ, WAYMOND PERRY, JONATHAN RANDLE, NATHAN ALEXANDER, WENDY WILLIAMS AND XANTE WALLACE** | § § § § § § § | WALLER COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT (STATE)

**TO THE HONORABLE JUDGE:**

Comes now the Plaintiff, Rodney Gray ("Plaintiff"), represented by Allie Booker, and files this, Plaintiff's Original Complaint.

Plaintiff would show unto the Court the following:

### A. INTRODUCTION

1. Plaintiff brings this action pursuant to Title VII as amended, and various pendant state law violations. Plaintiff was hired by the City of Prairie View and City of Prairie View Police Department in 2019. By July of 2020, Plaintiff was promoted to Corporal, and later to Sergeant. Plaintiff was subjected to a hostile work environment, bullying, deliberate and indifferent policies, and was wrongfully terminated by the Defendants (on August 19, 2021). Plaintiff was then denied access to the grievance and/or employee appeal system by the Defendants. This action arises from the (1) failure of management of City of Prairie View Police Department and the City of Prairie View to properly oversee their city officials and to follow their termination policies, employment policies (including but not limited to the grievance and appeal process for employees), the Constitution, by-laws, as well as State/local rules and laws for managing employees and managing the city. This failure caused the



Defendant city officials, the City of Prairie View and City of Prairie View Police Department to be negligent in fulfilling their duty to provide equal protection and due process under the laws for the Plaintiff; and to make the workplace free of (1-2) federal and state race discrimination (3-4) federal and state age discrimination (5-6) federal and state wrongful termination; (7-8) federal and state retaliation (9) failure to train/supervise; (10-11) federal and state bullying, harassment and/or hostile work environment (12-13) federal and state deliberate and/or indifferent policies; (14-15) federal and state bystander liability (16) defamation (17) malicious prosecution (18) abuse of process and (19) intentional infliction of emotional distress. Although directly notified by Plaintiff and others, the City of Prairie View and the City of Prairie View Police Department knew or had reason to know that city management staff and/or city officials were directly and/or indirectly responsible for (1-2) federal and state race discrimination (3-4) federal and state age discrimination (5-6) federal and state wrongful termination; (7-8) federal and state retaliation (9) failure to train/supervise; (10-11) federal and state bullying, harassment and/or hostile work environment (12-13) federal and state deliberate and/or indifferent policies; (14-15) federal and state bystander liability (16) defamation (17) malicious prosecution (18) abuse of process and (19) intentional infliction of emotional distress against Plaintiff (and others). However, failure of the city management staff to adhere to federal and state law as well as utilize the constitution, internal by-laws, and State/local rules for these types of violations prevented the violations from being diffused and prevented Plaintiff from availing himself to the established grievance procedure and appeal procedure. This subjected the Plaintiff to undue worrying and emotional distress.

2. The inaction of city management staff left the Plaintiff no choice except to seek relief for these violations from the Equal Employment Opportunity Commission (EEOC) which remains open and under investigation at this time, and who the Right to Sue Notices still have not yet been issued (although it has been determined that the right to sue will be issued within the next 90 days). Plaintiff brings his case because he must not allow the statute of limitations to expire even though his case remains pending at the EEOC. He has been told that the right to sue will be issued within the next 60 to 90 days.

This action is brought under Title VII of the Civil Rights Act of 1964 for employment, along with retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., Section 21.254, Tex. Labor Code, §§21.051 and Texas Labor Code §§21.055 as well as other federal and state law claims. The employment practices alleged to be unlawful were committed within the jurisdiction of District Court of Waller County.

## B. PARTIES

3. RODNEY GRAY, PLAINTIFF, is a resident of Harris County, Texas who has been employed as a peace officer with the City of Prairie View and the City of Prairie View Police Department from 2019 up to his termination in August of 2021.

4. CITY OF PRAIRIE VIEW and CITY OF PRAIRIE VIEW POLICE DEPARTMENT are responsible for all acts complained of herein as an official and policy maker and are listed Defendants in this lawsuit. The City of Prairie View is a municipality and is a government unit in the State of Texas, who is responsible for the day to day running and management of the Prairie View Police Department and its very own city, Prairie View. The City of Prairie View may be served with process by serving The City through its Mayor, Ron Leverett, at 44500 Business Highway 290, Prairie View, TX 77446. In addition to overseeing the police department, the City of Prairie View provides payroll, payroll support services, process complaints, and processes grievances of its employees. All listed Defendants were or are employees or *an arm* of the City of Prairie View. These listed Defendants are responsible for all acts complained of in this lawsuit as these Defendants are high-ranking officials and policymakers. They are guilty as bystanders to Defendant Rowland and Defendant Leverenz's acts. They protected the actions of Defendant Rowland and Defendant Leverenz, and their own actions were protected by all of the Defendants. These Defendants committed all of the complained of acts of including bullying, harassment and/or hostile work environment, retaliation, failure to train/supervise, wrongful termination, deliberate and/or indifferent policies, bystander liability, defamation, malicious prosecution, abuse of process and emotional distress to support the herein described illegal efforts of Defendant Rowland

and Defendant Leverenz. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

5. BRIAN ROWLAND was the mayor at all relevant time periods herein described in this lawsuit. As Mayor he worked for all of the above- listed entities and underneath (or as a subordinate employee to) all of the above-listed defendants. He stands sued in his individual capacity. He is one of the main players in this case and is responsible for the underlying (1)wrongful termination; (2) retaliation (3) failure to train/supervise; (4) bullying, harassment and/or hostile work environment (5) deliberate and/or indifferent policies; (6) bystander liability (7) defamation (8) malicious prosecution (9) abuse of process and (10) emotional distress against Plaintiff. His actions were protected by all of the Defendants and all Defendants committed all of the complained of acts of (1)wrongful termination; (2) retaliation (3) failure to train/supervise; (4) bullying, harassment and/or hostile work environment (5) deliberate and/or indifferent policies; (6) bystander liability (7) defamation (8) malicious prosecution (9) abuse of process and (10) emotional distress to support his illegal efforts. He is also guilty as a bystander to the acts of the other Defendants and is directly liable for his own acts as described. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

6. KEVIN LEVERENZ is the personal friend and accomplice to Brian Rowland. He was the Chief of Police of Prairie View (i.e., Interim Chief) at all relevant time periods herein described in this lawsuit. As the police chief he worked for all of the above- listed entities and underneath (or as a subordinate employee to) all of the listed defendants. He stands sued in his individual capacity. He is one of the main players in this case and is responsible for the underlying (1)wrongful termination; (2) retaliation (3) failure to train/supervise; (4) bullying, harassment and/or hostile work environment (5) deliberate and/or indifferent policies; (6) bystander liability (7) defamation (8) malicious prosecution (9) abuse of process and (10) emotional distress against Plaintiff. His actions were protected by all of the Defendants and all Defendants committed all of the complained of acts of (1)wrongful termination; (2) retaliation (3) failure to train/supervise; (4) bullying, harassment and/or hostile work

environment (5) deliberate and/or indifferent policies; (6) bystander liability (7) defamation (8) malicious prosecution (9) abuse of process and (10) emotional distress, to support his illegal efforts. He is also guilty as a bystander to the acts of the other Defendants and is directly liable for his own acts as described. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

7. WAYMOND PERRY was Prairie View City Council Position 1. He stands sued in his individual capacity. Prairie View's City Council is a form of government that is used whereby the members of the council are elected by the citizens, and they work together to pass laws, make general policies, supervise city government, and appropriate funds for various needs. The work of the council is supported by the police department and the City Council is responsible for overseeing the day to day operations of the police department, hiring and firing of employees of the police department, recommendations of whether or not to hire and fire employees for the police department, the planning of the police department, overseeing and developing rules and regulations of the police department, and overseeing the day to day running of the police department. The City Council is responsible for making sure that the police department functions properly. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

8. JONATHAN RANDLE was Prairie View City Council Position 2. He stands sued in his individual capacity. Prairie View's City Council is a form of government that is used whereby the members of the council are elected by the citizens, and they work together to pass laws, make general policies, supervise city government, and appropriate funds for various needs. The work of the council is supported by the police department and the City Council is responsible for overseeing the day to day operations of the police department, hiring and firing of employees of the police department, recommendations of whether or not to hire and fire employees for the police department, the planning of the police department, overseeing and developing rules and regulations of the police department, and overseeing the day to day running of the police department. The City Council is responsible for making sure

that the police department functions properly. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

9. NATHAN ALEXANDER was Prairie View City Council Position 3. He stands sued in his individual capacity. Prairie View's City Council is a form of government that is used whereby the members of the council are elected by the citizens, and they work together to pass laws, make general policies, supervise city government, and appropriate funds for various needs. The work of the council is supported by the police department and the City Council is responsible for overseeing the day to day operations of the police department, hiring and firing of employees of the police department, recommendations of whether or not to hire and fire employees for the police department, the planning of the police department, overseeing and developing rules and regulations of the police department, and overseeing the day to day running of the police department. The City Council is responsible for making sure that the police department functions properly. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

10. WENDY WILLIAMS was Prairie View City Council Position 4. She stands sued in her individual capacity. Prairie View's City Council is a form of government that is used whereby the members of the council are elected by the citizens, and they work together to pass laws, make general policies, supervise city government, and appropriate funds for various needs. The work of the council is supported by the police department and the City Council is responsible for overseeing the day to day operations of the police department, hiring and firing of employees of the police department, recommendations of whether or not to hire and fire employees for the police department, the planning of the police department, overseeing and developing rules and regulations of the police department, and overseeing the day to day running of the police department. The City Council is responsible for making sure that the police department functions properly. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

11. XANTE WALLACE, was Prairie View City Council Position 5. He stands sued in his individual capacity. Prairie View's City Council is a form of government that is used whereby the members of the council are elected by the citizens, and they work together to pass laws, make general policies, supervise city government, and appropriate funds for various needs. The work of the council is supported by the police department and the City Council is responsible for overseeing the day to day operations of the police department, hiring and firing of employees of the police department, recommendations of whether or not to hire and fire employees for the police department, the planning of the police department, overseeing and developing rules and regulations of the police department, and overseeing the day to day running of the police department. The City Council is responsible for making sure that the police department functions properly. Service of said Defendant as described above can be effected by personal delivery at wherever he may be found.

## C. JURISDICTION AND VENUE

12. The subject matter in controversy is within the jurisdictional limits of this court.

13. Plaintiff seeks:

   a. monetary relief over $250,000 but not more than $1,000,000.

14. This court has jurisdiction over the parties because Defendants are Texas residents.

15. Venue in Waller County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## D. CONDITIONS PRECEDENT

16. All conditions precedent to jurisdiction have occurred or been complied with as best as possible and/or in good faith. A charge of discrimination was filed with the Equal Employment Opportunity Commission within the proper time period and Plaintiff's

Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter in and through the fact that Plaintiff's case is still pending with the EEOC. As Plaintiff must file to preserve his claim, he has brought this case before the statute runs.

### E. FACTS

17. On or around March 6, 2021, an investigation into Brian Rowland, Mayor of Prairie View, was opened. Brian Roland was Mayor of the City of Prairie View during all relevant times of this claim. The investigation started after the City Police Department (of Prairie View) was contacted by Harris County due to damage to a fence caused by a Waller City vehicle that was then left in the middle of the road and abandoned. Private property and the vehicle were damaged as a result. Detective David Morris was assigned to the case along with Plaintiff, Rodney Gray. The investigation began and City council meetings were held where citizens and others, namely the mother of the Plaintiff, spoke out against the indiscretions of Brian Rowland (and other city officials'). The indiscretions included but were not limited to fiscal mismanagement and corruption.

18. After Chief Lopez resigned, presumably due to a hostile work environment and threats of termination from Mayor and other city personnel, Defendant Rowland hired his friend and comrade, Defendant Kevin Leverenz, illegally, improperly, without the proper qualifications and/or not pursuant to City policy and procedure. Plaintiff will simply add that Defendant Rowland also extended Leverenz's contract in the same fashion (at some point). Defendant Leverenz was hired as interim Chief of Prairie View Police Department on or about May 1, 2021. Not soon after he was hired, he told Plaintiff to cease and desist the investigation and "call your mother off...or else." Plaintiff began being targeted by and was subject to harassing and threatening phone calls by Defendant Leverenz, severe scrutiny at work by Leverenz, workplace harassment by Leverenz and threats from Defendant Leverenz. One specific telephone call was made on or about June 14, 2021, whereby Leverenz made a

8

threatening phone call to Plaintiff personally. This phone call in particular made Plaintiff extremely uncomfortable and very afraid.

19. Plaintiff and David Morris whistle blew and had a meeting with City Council members regarding the workplace harassment and abuse, which was due to the investigation of Defendant Rowland. Nothing was done by the City of Prairie View nor the Prairie View Police Department to aid Plaintiff, and on August 21, 2021, Defendant Leverenz came to the home of Plaintiff in an intimidating manner pursuing City and Departmental business.

20. It was on August 21, 2021, at his home, that Plaintiff was told by Defendant Leverenz that Plaintiff would need to turn himself in due to a charge of official oppression and that Plaintiff was terminated. Plaintiff further learned that the charged was for an incident that occurred in November of 2020 (which was shortly after Defendant Roland was hired but six to seven months *before* Defendant Leverenz was hired). As it came to pass, Defendant Leverenz was the *only* officer who conducted the "investigation" against Plaintiff and his investigation was riddled with unsigned investigation reports, a slew of unsigned and unsworn to affidavits, and with no valid identification made by the complainant, or any other witness in the case.

21. Knowing or having reason to know of the corrupt acts of Defendant city officials (Rowland and Leverenz), the City of Prairie View sat idly by (and as active participants) certifying the obscene acts (of Defendant Leverenz and Defendant Rowland). Moreover, Defendant City of Prairie View and Defendant Police Department are further liable for the defamation, abuse of process, and malicious prosecution of the Plaintiff as they were bystanders and as they performed no investigation as to the corruption with the "official oppression case" and termination of the Plaintiff. Plaintiff timely appealed his termination, but his appeal was ignored and filed a grievance that was also ignored by Defendant City of Prairie View and Defendant, Prairie View Police Department. Plaintiff never received a response from the City Council members, the City Council as a whole, the City of Prairie View, or the police department regarding his grievance and appeal. All of the Defendants wrongfully fired Plaintiff and failed to give him access to the grievance procedures within the charter and the

9

rules and procedures of his employment. Plaintiff filed a claim with the EEOC and subsequently brought this claim. Plaintiff was treated this way and suffered the adverse employment actions he suffered at the hands of all of the Defendants due to his race, black and due to his age. No other blacks similarly situated to the Plaintiff suffered the adverse employment actions that he suffered. No other employees his age who were similarly situated to the Plaintiff suffered the adverse employment actions that he suffered.

### F. COUNT ONE

(Racial Discrimination )

19.     The foregoing paragraphs are realleged and incorporated herein. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The Defendants' conduct as alleged at length herein constitutes racial discrimination in violation of federal or state labor law. Plaintiff was treated unfavorably because he is of black/ African-American/ colored race and/or because of personal characteristics associated with black/ African-American/ colored race (such as hair texture, skin color, or certain facial features). Plaintiff was terminated and had adverse employment actions against him that his counterparts who were not black/ African-American/ colored did not have for the same complained of acts/actions.

### G. COUNT TWO

(Age Discrimination)

20.     The foregoing paragraphs are realleged and incorporated herein. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The Defendants' conduct as alleged at length herein constitutes age discrimination in violation of federal or state labor law because he was treated less favorably because of his age. Plaintiff reported and refused to participate in harassment, because Plaintiff reported and refused to conduct an illegal act or safety

violation and because Defendants fired Plaintiff, but Defendants did not follow their own termination policies.

### H. COUNT THREE

(Wrongful Termination in Violation of Federal and State Law)

21.     The foregoing paragraphs are realleged and incorporated herein. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The Defendants' conduct as alleged at length herein constitutes wrongful termination in violation of federal or state labor law because Plaintiff reported and refused to participate in harassment, because Plaintiff reported and refused to conduct an illegal act or safety violation and because Defendants fired Plaintiff, but Defendants did not follow their own termination policies.

### I.     COUNT FOUR

(State and Federal Law Retaliation: Reprisal for Engaging in Protected Activities)

22.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as they relate to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by Reference herein. Plaintiff alleges that Defendants instituted a campaign of retaliation which included bullying and wrongful termination.  This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful  practice.  Plaintiff suffered damages for which Plaintiff herein sues. The Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII.

### J. COUNT FIVE

(State and Federal: Failure to Train, Supervise )

23.    Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as they relate to all above-listed Defendants. All Defendants have a history of engaging in forbidden practices as complained of above. All Defendant's Failure to adequately train management, officers, officials, and refrain from impermissible practices, was not done according to the law, and caused an extremely prejudicial effect. Plaintiff sustained extensive injuries to his reputation in the form of defamation and IIED wounds. In addition, because all of the above high-level ranking officials know or have reason to know that their officers and the other listed Defendants engage in a pattern of ill employment action and practices, abuse of process and brutality against employees, they should have retrained their officers and employees. They have failed to do so, and as such, as liable to Plaintiff for their failure to train their officers and employees and failure to supervise their officers and employees as well because the above listed high-ranking officials and companies do nothing to officers and employees accused of such conduct, thereby tacitly consenting to said conduct. As a result of the unjustified violation of Plaintiff's rights by the Defendant, Plaintiff has suffered injury, including emotional distress. The fact that the Defendants were not properly trained as to govt and city regulations, retaliation abusive work environments improper employment action, in addition to the fact that all Defendants were not properly supervised, resulted in Plaintiff suffering all of the causes of action herein complained of. Had these companies, officers, and employees (as listed above) been subject to proper training and proper supervision, this sad disgraceful situation, like many others, would not have happened.

## K. COUNT SIX

(State and Federal: Hostile and Abusive Working Environment)

24.    Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as they relate to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants' conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII. Becoming a victim of this behavior severely hindered Plaintiff's confidence and put his career at risk as he suffered derogatory criticism and improper demands to "silence" citizens. Threats of reprimand and being fired were other forms of the hostile work environment and bullying that Plaintiff was subjected to.

Moreover, Plaintiff was subject to offensive or derogatory remarks about Plaintiff's age, race, and because he and/or his mother spoke out against the improper actions of the Mayor, the chief and city council members. The harassment was illegal as it was so frequent or severe that it created a hostile or offensive work environment and it resulted in an adverse employment decision (being fired and/or demoted).

## L. COUNTS SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE, THIRTEEN

25. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants, in their individual capacities, CITY POLICE DEPARTMENT and THE CITY, who is sued, to engage in corruption and improper practices; ( Count 5) deliberate and/or indifferent policies; (Count 6) bystander liability (Count 7) defamation (Count 8) malicious prosecution (Count 9) abuse of process and (Count 10) emotional distress.

26. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as they relate to all above-listed Defendants. Moreover, Defendants liable for their failure to intervene and as bystanders purposefully and or willfully allowed a fellow officer and/or city official to violate Plaintiff's Constitutional and State rights and are liable for failure to intervene to stop the Constitutional and/or state violation(s). All of the Defendants at one point or another are liable as bystanders, were aware of the violations complained of herein, had an opportunity to intervene, and chose not to do so. All Defendants were in managerial or supervisory city officers and officials who observed violations of other Defendants without stopping them, or who actively encourage the actions of the other Defendants, which constitute these claims whether or not they directly participated in the violations themselves.

27. All Defendants knew or should have known of the aforementioned improper behavior and other listed conduct and have done did nothing to fix the fact that their officers and employees are behaving in this manner. In addition, all high-ranking officials and companies knew or should have known that there were complaints from employees and Plaintiff as to such so that they, should

13

have supervised and/or retrained their personnel in the proper procedure to refrain from such complained of practices.

28.   As a result of the Defendants refusal to adequately follow, implement, supervise, and retrain their companies, officers and employees in a timely manner, Plaintiff lost loss of enjoyment of life, suffered personal injuries to his reputation, his emotional welfare, and he suffered infliction of emotional distress. As a direct result of the Defendant's failure to train their companies, high level officers and employees, Plaintiff has been harmed.

29.   Plaintiff had the following clearly established rights at the time of the complained of conduct:

a.   the right to be free from wrongful termination, retaliation, workplace abuse, deliberate and indifferent policies, and the injuries which flowed from them under the Constitution and state laws as listed;

b.   the right to the employee grievance system;

c.   the right to speak out against and/or complain of injustices.

30.   All Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the that time. Defendants are not entitled to immunity for the complained of conduct. Defendants, at all times relevant, policymakers, and head authority figures for the Defendants as pled and, in that capacity, established policies, procedures, customs, and/or practices for the same. The companies and high-ranking official Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from conscious or deliberate choice to follow a course of action from among various available alternatives.

31.   The Defendants, CITY OF PRAIRIE VIEW and CITY OF PRAIRIE VIEW POLICE DEPARTMENT have created and tolerated an atmosphere of bullying, unfairness, public

corruption, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its employees in an adequate manner. The toleration and allowance of an atmosphere of oppression, corruption, brutality and retaliation coupled with their failure to supervise and/or train have amounted to deliberate indifference to the constitutional rights of Plaintiff and other employees. In light of the duties and responsibilities of its officials, the need for specialized training and supervision for high-ranking officials and employees or those under their custody, control, or authority is obvious. The inadequacy of their inclination to follow the law, and their training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein, that the failure to provide specialized training and supervision is deliberately indifferent to those rights. Moreover, city official Defendants, the City and the Police Department, actually knew of a substantial risk of serious harm and consciously disregarded it as they were exposed to information from which the inference could be drawn that a substantial risk exists, and he or she also drew the inference.

32. The defamation experienced by Plaintiff is a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual reputational, financial and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Defendants made a false statement of fact regarding the plaintiff, they communicated and/or published the false statement to a third party and this statement has surely injured the Plaintiff's reputation. Not only was the Plaintiff defamed but the Defendants made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; the Defendants all had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and the Defendants damaged the Plaintiff as a result of such illegal act. Moreover, Plaintiff's prosecution, by all of the Defendants, whether directly or indirectly, including the institution or continuation of proceedings against the plaintiff were commenced with and lack of probable cause for the proceedings. The proceedings terminated and/or will terminate in Plaintiff's favor and Plaintiff suffered special damages. In the case of the criminal prosecution, the Plaintiff argues that he is innocent of the charges and that the Defendants lacked probable cause to initiate the prosecution in the first place. According to information and belief, Plaintiff may suffer lost

future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his pain, back pay, front pay and other pay denied in amounts to be ascertained in trial.

33. Moreover, through Plaintiff's employment was the existence of a valid contract. Plaintiff performed or tendered performance pursuant to said contract and the breach of the contract by the defendants caused the damages sustained by the plaintiff (as a result of the breach).

*Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and state law, pre-judgment interest and cost as allowable by federal and state law. There may also be special damages for lien interests.*

## RESPONDEAT SUPERIOR AND RATIFICATION

34. Whenever in this complaint it is alleged that any employee of the City of Prairie View and/or Prairie View Police Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant City and Department or was done in the normal and routine course and scope of employment of Defendant City and Defendant Department's officers, agents, servants, employees, or representatives.

## REQUEST FOR DECLARATORY RELIEF

35. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42U.S.C. § 1983 and state law to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the officers and employees of failing to abide by the law with respect to the aforementioned law, and failure to provide adequate medical treatment or the health and safety of their employees, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## DAMAGES

36. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. Injury to her personal and professional reputation.

b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c. Back pay from the date that Plaintiff was wrongfully terminated and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Expert fees as the Court deems appropriate;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Inconvenience;

i. Interest;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Loss of earnings in the past;

m. Loss of earning capacity which will, in all probability, be incurred in the future; and

n. Loss of benefits.

o. Attorney's fees and court costs.

## EXEMPLARY DAMAGES

37. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such

actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

38. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.  Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant; and

b.  a letter of apology.

## PRAYER FOR RELIEF

39.  WHEREFORE, Plaintiff Rodney Gray prays for the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, 42 U.S.C. §2000e et seq. and Texas state law;

b.  A permanent injunction against the City of Prairie View, officers, agents, successors, employees, representatives, and any and all persons acting in concert with the above-named companies, prohibiting them from engaging in unlawful employment, religious, sex discrimination and retaliation against employees or applicants for employment, including on the basis of gender identity;

c.  Back pay and/front pay (including interest and benefits) as well as all other damages as listed;

d.  For compensatory damages against all defendants in the amount approved at trial;

e.  For exemplary and punitive damages against all Defendants;

f.  For costs of suits herein, including plaintiffs' reasonable attorney fees;

g.  For such other and further relief as the Court deems proper.

h.  Such further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

40. The Plaintiff demands a trial by jury of all triable issues in this action.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
State Bar No. 24071071
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 (office)
(713) 583-3999 (facsimile)
booker@bookerlawfirm.com
COUNSEL FOR PLAINTIFF