United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY GRAY, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-03101 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CITY OF PRAIRIE VIEW, *et al*, | § | |
| Defendants. | § | |

**OPINION AND ORDER
GRANTING MOTION TO DISMISS**

Plaintiff Rodney Gray was terminated from his employment as a sergeant in the Prairie View Police Department in August 2021. Dkt 32 at 7 (amended complaint). He brought this action against Defendants City of Prairie View, City of Prairie View Police Department, Brian Rowland (as mayor), Kevin Leverenz (as interim chief of police), Waymond Perry, Jonathan Randle, Nathan Alexander, Wendy Williams, and Xante Wallace (each as members of city council). See Dkts 1-1 (original complaint) & 32.

The motion by Defendants to dismiss this action for failure to state a claim is granted. Dkt 33.

1. Background

The original complaint was dismissed without prejudice upon prior motion to dismiss for failure to state a claim. See Dkts 9 (motion) & 31 (order). While not cleanly delineated, his original complaint asserted somewhere between thirteen and nineteen claims. See Dkt 31 at 2–3, 4. As repleaded, Plaintiff asserts claims for (i) negligent

failure to train or supervise and (ii) breach of contract. See Dkt 32 at ¶¶21–26, 27).

Generously stated, the amended complaint alleges as follows.

Plaintiff (as a Prairie View police officer) was assigned in March 2021 to investigate Rowland (as the Prairie View mayor) regarding allegations of fiscal corruption. Dkt 32 at ¶16. He says that he was told to "cease and desist the investigation" and to stop his mother from complaining about Rowland, as she was publicly criticizing Rowland in public meetings. Id at ¶16–17.

He also says that he was subject to "harassing and threatening phone calls," "severe scrutiny at work," and "workplace harassment" by Leverenz, who was the interim chief of police and had been hired by Rowland around this time to serve as interim chief of police. Id at ¶17. He specifically alleges that Leverenz (i) called him on the telephone on June 14, 2021, and "made Plaintiff extremely uncomfortable and very afraid," and (ii) came to his home in August 21, 2021 "in an intimidating manner." Id at ¶¶17–18.

During that August home visit, Leverenz allegedly told Plaintiff that he would "need to turn himself in due to a charge of official oppression" based on an incident that occurred in November 2020, while also informing Plaintiff that he was terminated. Id at ¶19. Leverenz was also allegedly the only officer who conducted the investigation into Plaintiff's conduct, which investigation was "riddled with unsigned investigation reports, a slew of unsigned and unsworn to affidavits, and with no valid identification made by the complainant, or any other witness in the case." Ibid. Plaintiff says that he appealed his termination but never received a response from the City of Prairie View. Id at ¶20.

The record elsewhere reflects that Plaintiff was formally indicted for official oppression in June 2022. Dkt 29 at ¶1, citing Texas Penal Code §39.03(a); Dkt 29-2. He later entered a pretrial diversion contract with the

Waller County District Attorney in September 2023. Dkt 29-1. It contained a 180-day "probationary term," under which (if fulfilled) the District Attorney would dismiss the charge. Ibid. The record doesn't appear to reflect whether Plaintiff fulfilled his obligations and the charge dismissed.

All Defendants again move to dismiss. Dkt 33.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). But courts don't accept as true what are simply conclusory allegations, unwarranted factual inferences, or legal conclusions. See *Gentilello v Rege*, 627 F3d 540, 544 (5th Cir 2010) (citation omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citation omitted).

    3.  Analysis

The order granting the first motion to dismiss found the original pleading to be "entirely deficient and conclusory." Dkt 31 at 4; see also id at 5 (finding allegations to be "conclusory in the extreme"). Instructions were thus stated towards repleading, with Plaintiff required to:

- Specify each claim by its own separate cause of action, including separation of federal and state causes of action related to the same conduct;
- As to every cause of action, specify in a numbered paragraph the exact and requisite elements of the claim along with a supporting citation of law;
- As to each requisite element of every cause of action, specify in separate, numbered paragraphs the pleaded fact or facts that support each element;
- While a general factual background may be set forth at the outset, it may not be incorporated by reference in support of any cause of action, but rather, specific facts must be pleaded within each cause of action as noted in the prior point.

Id at 6. The order also stated unequivocally that failure to abide by these instructions would result in dismissal. Id at 7.

To his credit, Plaintiff included only two, relatively concise counts in the amended complaint. But he doesn't sufficiently plead facts as to these claims. The same vague and conclusory conclusions are present in both complaints. And indeed, the narrative statement appears to be entirely identical. Compare Dkt 1-1 at ¶¶17–21, with Dkt 32 at ¶¶16–20.

Nor does the amended complaint in any way attempt to comply with the order on repleading. For example, the first count is pleaded as "State Failure to Train, Supervise—Negligence." But contrary to the order, Plaintiff simply and repeatedly incorporates the factual background in support of this cause of action. Dkt 32 at ¶¶21–23; cf Dkt 31 at 6. And even then, it's unclear as to whether this count refers to state or federal causes of action, while further appearing to combine several, non-specific claims. Indeed, *no* elements of *any* claims are laid out, and facts aren't pleaded in connection with these claims—again in contravention of the prior order that he "specify in separate, numbered paragraphs the pleaded fact or facts that support each element" of each claim. Dkt 31 at 6.

Plaintiff also makes patently conclusory allegations throughout the complaint. For instance, he alleges failure to train and failure to supervise claims. Dkt 32 at ¶¶21–25. But he still doesn't allege any factual connection between any alleged failure to train and any putative injury to himself. He instead simply avers that an alleged "atmosphere of bullying, unfairness, [and] public corruption" on behalf of the Prairie View Police Department caused him harm and emotional distress. Id at ¶26. But no facts are pleaded that might demonstrate how a failure to train or supervise resulted in any specific harm.

Plaintiff also appears to allege (at least in passing) bystander liability on behalf of City officials. Id at ¶¶22–

5

23. For example, he states, "All of the Defendants at one point or another are liable as bystanders, were aware of the violations complained of herein, had an opportunity to intervene, and chose not to so do." Id at ¶23. But again, no facts are pleaded to support bystander liability, much less the elements of such claim or any mention of what Plaintiff expected these officials to do. He only says that they failed "to intervene" and "as bystanders purposefully and or willfully allowed a fellow officer and/or city official to violate Plaintiff's Constitutional and State rights" Ibid. Left unarticulated by the amended complaint are what these rights are or how they were violated.

As to the second count for breach of contract, Plaintiff claims in a single paragraph that Defendants didn't give him sufficient and appropriate access to the proper grievance procedure for appealing his termination from the police department. Id at ¶27. He attaches a city charter and a manual, stating "The City ordinances, resolutions, charters and other documents create an employment contract as well." Ibid. The attachments are police departmental policies that discuss the procedures for employee grievances and discipline. See Dkts 32-1 & 32-2. Plaintiff generally avers that because he appealed his termination and filed a grievance with no response, this "contract" was broken. Dkt 32 at ¶27.

To the contrary, Defendants point out that "employment is presumed to be at-will in Texas." Dkt 33 at 19, quoting *Midland Judicial District County Supervision & Corrections Department v Jones*, 92 SW3d 486, 487 (Tex 2002). "[A]bsent a specific agreement to the contrary, employment may be terminated by the employer or the employee for good cause, bad cause, or no cause at all." *Jones*, 92 SW3d at 486 (citation omitted). And nothing in the amended complaint alleges a contract with any specific term limiting the City's presumptive power to terminate Plaintiff's at-will employment.

Indeed, because Plaintiff attaches the city charter, Defendants properly note its delegation to the city council to adopt personnel policies, while attaching the pertinent

Personnel Manual. Dkt 33 at 20; see *Norris v Hearst Trust*, 500 F3d 454, 461 n 9 (5th Cir 2007) (noting it is "proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); see also Dkt 33 at 5–6 (collecting authorities). It confirms that employment is "at will" unless modified in a written document by the mayor and city council. Dkt 33-3 at 8. The grievance procedures laid out in the exhibits cited by Plaintiff don't alter such at-will employment status. See *County of Dallas v Wiland* 216 SW3d 344, 353–54 (Tex 2007): "The County's civil service system clearly provides covered employees important procedures for hearing and deciding grievances, but the entitlement to procedure alone does not . . . alter an employee's at-will status."

Plaintiff plainly failed to abide by the prior order allowing him an attempt at repleading. Not surprisingly, the amended complaint again fails for the same reasons as the original complaint. The motion to dismiss will thus be granted. Dkt 33.

### 4. Conclusion

The motion by Defendant City of Prairie View and the related Defendants to dismiss this action for failure to state a claim is GRANTED. Dkt 33.

Plaintiff Rodney Gray has already been allowed an attempt at repleading, and his complaint remains deficient. Further attempt at repleading will not be allowed. See *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020) (repleading may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile") (citation omitted).

This action is DISMISSED WITH PREJUDICE.

A FINAL JUDGMENT will enter separately.

SO ORDERED.

Signed on September 30, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge